1

HONORABLE RONALD B. LEIGHTON

2

3

4

5

6

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

7

8

ARTHUR S. WEST,                           CASE NO. 3:11-cv-05205-RBL

9
                        Plaintiff,        ORDER DENYING PLAINTIFF'S
10                                         MOTION FOR RECUSAL
            v.
11

12   PORT OF TACOMA, STATE OF
     WASHINGTON, PORT OF OLYMPIA,
     CITY OF OLYMPIA,
13   WEYERHAEUSER NR.,WASHINGTON
     STATE GOVERNOR,
14
                        Defendants.
15

16          This matter is before the Court on Plaintiff Arthur West's Motion for Recusal and

17   Response to Show Cause (Dkt. # 26).  Defendants filed no response.  For the reasons below,

18   Plaintiff's Motion is DENIED, and the case is DISMISSED.

19                 **A. Plaintiff's Response to the Court's Show-Cause Order**

20          On April 18, 2012, Mr. West failed to attend a status conference.  On the same day, the

21   Court issued an order requiring Mr. West to show cause within thirty days as to why he did not

22   attend the status conference, or the case would be dismissed.  *See* Order (Dkt. # 25).  Mr. West

23   filed his response on May 21, 2012—more than thirty days after the Court issued its Order.

24

1    In an attempt to excuse his absence, West claims that there "was no real need for the

2    hearing," and thus he "was not looking for and did not see any such notice before" April 18th.

3    Pl.'s Mot. for Recusal at 2.  He also asserts that during the week of April 18th, he was recovering

4    from oral surgery and on medication that "adversely impacted his ability to anticipate changes in

5    the court's schedule." *Id.* at 3.  However, the original status conference was scheduled for April

6    11th (Dkt. # 21), and it was Mr. West himself who ***moved to reschedule.***  (Dkt. # 22).

7    It is hard to imagine that Mr. West "did not see" and could not "anticipate" a change of

8    schedule that he requested.  Moreover, West should have notified the Court of any subsequent

9    dates that would have caused a scheduling conflict (i.e., oral surgery).  West's reasons for failing

10   to attend the status conference are disingenuous and insufficient.

11   Further, Mr. West's conduct follows his lengthy abuse of the courts.  He has filed such a

12   long series of frivolous cases that the Court was forced to issue an ordering barring Mr. West

13   from opening new cases without prior approval.  *In re Arthur West*, No. 11-mc-5022-RBL (W.D.

14   Wash. Oct. 6, 2011) (Dkt. #1).  This case predates the bar order.

15   Because West filed his reply more than thirty days after the Court issued its Order, and

16   because West's reasons for not attending the status conference are insufficient, the case is

17   dismissed.

18   **B.  Plaintiff's Motion for Recusal**

19   Mr. West asserts that Judge Leighton is "so clearly and undeniably biased that no

20   objective third party could possibly believe that he would ever grant . . . West a fair hearing on

21   any matter."  Pl.'s Mot. for Recusal at 1.  West describes himself as being the victim of Judge

22   Leighton's "overzealous, bible-thumping, fanatic litigious pogrom[,]" and accuses the Judge of

23   "us[ing] as a model the methods of the Spanish Inquisition."  *Id.* at 5.  He emphasizes that

24   dismissing the case over a scheduling error highlights the Judge's bias.

1    Under 28 U.S.C. § 144 and 28 U.S.C. § 455, recusal of a federal judge is appropriate if a

2    reasonable person with knowledge of all the facts would conclude that the judge's impartiality

3    might reasonably be questioned.  *Yagman v. Republic Insurance*, 987 F.2d 622, 626 (9th Cir.

4    1993).  "In the absence of specific allegations of personal bias, prejudice, or interest, neither

5    prior adverse rulings of a judge nor his participation in a related or prior proceeding is sufficient"

6    to establish bias.  *Davis v. Fendler*, 650 F.2d 1154, 1163 (9th Cir. 1981); *see also Liteky v.*

7    *United States*, 510 U.S. 540, 555 (1994) ("judicial rulings alone almost never constitute valid

8    basis for a bias or partiality motion.").

9        Mr. West's case is being dismissed because he did not follow the conditions attached to

10   the Court's order to show cause.  His answers to the Court's order are disingenuous at best, and

11   Defendants cannot be expected to expend time responding to another installment of Mr. West's

12   legal endeavors when he cannot manage to appear and prosecute the case.  Under these

13   conditions—a notoriously litigious plaintiff subject to a standing bar order, a failure to appear at

14   a hearing rescheduled to suit plaintiff, and disingenuous answers to the Court's show cause

15   order—a reasonable person would conclude not that the Court is biased, but that Mr. West has

16   failed the most basic requirements of litigation.

17                                    **C. Order**

18       For the reasons above, Mr. West's Motion for Recusal is **DENIED**, and Mr. West's case

19   is **DISMISSED**.  The Court will refer the motion to Chief Judge Pechman pursuant to GR 8(c).

20       Dated this 16th day of July, 2012.

21

22                                         _____

23                                         Ronald B. Leighton
                                           United States District Judge

24